UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

        Plaintiff,

v.

PATRICIA CARUSO, et al.,

        Defendants.
_____/

File No. 1:09-CV-102

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Plaintiff Curwood L. Price, appearing pro se, appeals the Magistrate Judge's order (Dkt. No. 34, 05/21/2009 Order) denying Plaintiff's motions to amend his complaint and for protection of a witness. (Dkt. No. 35, Appeal.)

This Court's review of a magistrate judge's order on appeal is limited. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir.1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") A magistrate judge's resolution of a nondispositive pretrial matter will be modified or set aside on appeal only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a).

The Magistrate Judge denied Plaintiff's motion for leave to amend as futile based upon his determination that Plaintiff's request for termination of a contract, based on his

invocation of third-party beneficiary rights, was frivolous because he failed to provide the contract or the pertinent terms of the contract. Plaintiff contends that the Magistrate Judge's denial of his motion for leave to amend is subject to reversal because the Magistrate Judge held Plaintiff to an impossible standard by requiring him to attach a copy of the contract.

Whether to grant leave to amend a complaint is a matter left to the court's discretion, although leave should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (reviewing the denial of a motion to amend for abuse of discretion). The Magistrate Judge's determination that is not clearly erroneous.

Under Michigan law, "[a] person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise directly to or for that person." *Schmalfeldt v. N. Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (citing Mich. Comp. Laws § 600.1405). Plaintiff's assertion that he was the third-party beneficiary of a contract between the MDOC and Prisoner Health Services was wholly conclusory. Plaintiff provided no evidence or even any allegations concerning the contractual terms that established him as a third-party beneficiary. The Magistrate Judge's determination that Plaintiff's conclusory allegations of third-party beneficiary status would not withstand a motion to dismiss was not clearly erroneous. Moreover, the Court finds that the Magistrate Judge did not hold Plaintiff to an impossible standard. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (noting that although pro se pleadings are held to a "less stringent standard," courts "need not accept as true legal conclusions or unwarranted factual

inferences").

Plaintiff's second contention on appeal is that the Magistrate Judge misconstrued his motion for the protection of a primary witness. Plaintiff contends that in seeking an order preventing Defendants from having any contact with Dr. Totten, his intent was not to litigate on behalf of Dr. Totten, but to prevent Defendants from further intimidating Dr. Totten into not testifying or providing evidence to Plaintiff.

Plaintiff's motion for the protection of primary material witness was based on Plaintiff's assertion that Defendants terminated Dr. Totten's employment because Dr. Totten provided information to Plaintiff's attorney in support of Plaintiff's grievance. Plaintiff's assertion is based on unsupported hearsay and is not sufficient to warrant the extraordinary injunctive relief requested. Accordingly,

**IT IS HEREBY ORDERED** that upon review of Plaintiff's appeal (Dkt. No. 35), the Magistrate Judge's Order denying Plaintiff's motions (Dkt. No. 34) is **AFFIRMED**.


Dated: December 9, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE