UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

    Plaintiff,

                                                       File No. 1:09-CV-102

v.

                                                     HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

    Defendants.
                                                 /

## **MEMORANDUM OPINION AND ORDER**

This prisoner civil rights action is before the Court on Plaintiff's objection to the Magistrate Judge's ruling and motion for disqualification of the Magistrate Judge. (Dkt. No. 53, Obj. & Mot.)

On August 6, 2009,[1] the Magistrate Judge issued an order denying Plaintiff's motion for a preliminary ruling and/or necessary court order and his motion to proceed with a special relevant matter (Dkt. Nos. 38, 46). (Dkt. No. 49, 08/06/2009 Order.) Plaintiff objects to the order and moves to have the Magistrate Judge disqualified and removed from this case.

Because the August 6, 2009, order addresses non-dispositive matters, the Court will construe Plaintiff's objection as an appeal from the order.

---

[1] Plaintiff appeals the "order of August 8, 2009 (Dkt. #49)." There is no order dated August 8, 2009, in Plaintiff's file. Docket number 49 is an order dated August 6, 2009. The Court assumes that it is the August 6, 2009, order that Plaintiff is appealing.

This Court's review of a magistrate judge's order on appeal is limited. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") A magistrate judge's resolution of a nondispositive pretrial matter will be modified or set aside on appeal only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a). The clearly erroneous standard does not entitle a reviewing court to reverse the finding of the trier of fact simply because it would have weighed the evidence differently or would have decided the case differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1983). "Rather, a reviewing court must ask whether, based on the entire evidence, it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff does not allege any errors of fact or law in the Magistrate Judge's rulings on his motions. Instead, Plaintiff contends that the Magistrate Judge improperly referenced matters that were not in the pleadings. Specifically, Plaintiff complains that the Magistrate Judge made reference to the nature of Plaintiff's underlying felony convictions. Plaintiff contends that this reference evidences the Magistrate Judge's bias and prejudice.

Plaintiff's convictions are a matter of public record and are subject to judicial notice. Fed. R. Evid. 201. The Court agrees that the nature of Plaintiff's convictions was not

relevant to the resolution of his motion. Nevertheless, it does not appear that the nature of his convictions affected the rulings on his motions because Plaintiff's motions were properly denied. The Magistrate Judge's order denying Plaintiff's motions was not clearly erroneous.

Plaintiff has also moved for disqualification of the Magistrate Judge for bias and prejudice pursuant to 28 U.S.C. § 455(a), (b)(1). In support of this motion, Plaintiff relies on the lack of a ruling on his prior appeal (Dkt. No. 35), the Magistrate Judge's reference to the nature of Plaintiff's conviction, his denial of Plaintiff's motion to amend, and his description of Plaintiff's complaint as "unwieldy."

Plaintiff's prior appeal has now been decided. (Dkt. No. 65, 12/09/2009 Order.) The timing of that ruling is not attributable to the Magistrate Judge.

With respect to those actions attributable to the Magistrate Judge, the Court bears in mind that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "To show improper prejudice, a judge's comments must 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). Plaintiff has not come close to demonstrating the degree of antagonism necessary for him to succeed in a claim of judicial bias. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection, construed as an appeal (Dkt. No. 53), is **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's order of August 6, 2009 (Dkt. No. 49) is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify the Magistrate Judge (Dkt. No. 53) is **DENIED**.


Dated:  December 9, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE