UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CURWOOD L. PRICE, #220572, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-102 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PATRICIA CARUSO, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint, as amended (docket # 13), concerns conditions of his confinement in 2008 at the Muskegon Correctional Facility (MCF). He named four State of Michigan employees as defendants: (1) Patricia Caruso, Director of the Michigan Department of Corrections (MDOC); (2) Bill Martin, Corrections Facilities Administrator; (3) Shirlee A. Harry, MCF's Warden; and (4) Mike Whalen, MCF's Health Unit Manager. Plaintiff sued defendants in their individual and official capacities and seeks an award of monetary damages and injunctive relief. He claims that defendants' actions violated 15 U.S.C. §§ 2, 14, 31 U.S.C. § 6176, 42 U.S.C. §§ 1983, 1985, 1986, 2000cc, 2000d, 2000d-1, 12132, various state laws, and Michigan's Constitution.

On August 11, 2009, defendants filed a motion for summary judgment. (docket # 50). On August 17, 2009, the court entered an order notifying plaintiff of his opportunity to file affidavits, documents or other materials in opposition to defendants' motion on or before September 14, 2009. (8/17/09 Order, docket # 56). The court granted plaintiff an extension until November 30, 2009, to

file his response. (8/26/09 Order, docket # 60). Plaintiff has never filed a response to defendants' motion.

On March 16, 2010, plaintiff filed a motion requesting voluntary dismissal of this lawsuit under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (docket # 67). Defendants object to the motion to the extent that plaintiff seeks an order dismissing this case without prejudice. (docket # 68). Upon review, plaintiff's motion to dismiss will be granted and judgment will be entered dismissing this lawsuit with prejudice. Alternatively, the court finds that defendants are entitled to judgment in their favor as a matter of law. Defendants' motion for summary judgment will be granted and judgment will be entered in defendants' favor on that alternative basis.

## I. Plaintiff's Motion to Voluntarily Dismiss this Lawsuit

Plaintiff seeks dismissal of this lawsuit under Rule 41(a)(2) of the Federal Rules of Civil Procedure. He attempts to justify his request by relying on his transfers between various prisons after December 8, 2009, arguing that this should excuse his failure to file a response to defendants' long-pending motion for summary judgment. He conveniently ignores the fact that his response to defendants' motion was due on or before November 30, 2009. Even less compelling is his assertion that he was unable to respond to defendants' motion because the court entered an order (11/30/09 Order, docket # 64) denying his motion to force the non-party United States Department of Justice or the United States Attorney's Office for the Western District of Michigan to conduct legal research on his behalf and supply him with free copies of any federal regulations supporting his claims against defendants.

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." FED.

R. CIV. P. 41(a)(2). The Sixth Circuit reviews district court decisions on Rule 41(a)(2) motions under an abuse-of-discretion standard. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant[s], here the defendants, from unfair treatment." *Bridgeport*, 583 F.3d at 953. Upon consideration of all the appropriate factors, *id.*, the court finds that plaintiff's lack of diligence in pursuing this matter, his nonsensical excuses for failure to answer defendants' dispositive motion, and the significant and unnecessary litigation burdens and expenses that he has caused the defendants to incur, make a dismissal with prejudice appropriate. Accordingly, plaintiff's motion will be granted and this lawsuit will be dismissed with prejudice.

## II. Defendants' Motion for Summary Judgment

### A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259

(6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendants' motion for summary judgment based on 42 U.S.C. § 1997e(a) because lack of exhaustion is an affirmative defense.

      B.      <u>Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show

that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 674 (6th Cir. 2009); *see also Vandiver v. Correctional Med. Servs.*, 326 F. App'x 885, 888 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a).

C.  Facts

The following facts are beyond genuine issue. Plaintiff was an inmate at the Muskegon Correctional Facility in 2008. The only grievance that he pursued through all three steps of the MDOC's process was not a grievance against the defendants.[1] (docket # 51, Ex. B; docket #

---

[1] Plaintiff's allegations of legal conclusions do not suffice at the summary judgment stage. *See Doe v. Magoffin County Fiscal Court*, 174 F. App'x 962, 966 (6th Cir. 2006). He was required to come forward with evidence supporting his claims. *See Street*, 866 F.2d at 1478.

13, Ex. J). Plaintiff's period within which to file a timely grievance against defendants has long since passed. (docket # 51, Ex. A).

D. Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). The grievance that plaintiff pursued through a Step III decision was not against the defendants. Plaintiff did not properly exhaust his claims. *See Scott v. Ambani*, 577 F.3d 642 (6th Cir. 2009). Defendants are entitled to judgment in their favor as a matter of law on all the claims plaintiff has asserted in this lawsuit.

**Conclusion**

For the reasons set forth herein, plaintiff's motion to dismiss this lawsuit (docket # 67) will be granted and judgment will be entered in defendants' favor on all plaintiff's claims. Further, defendants' motion for summary judgment (docket # 50) will be granted and judgment will be entered in defendants' favor on that alternative basis.


Dated: March 23, 2010                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE